CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 15 2010

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID JAMES CUDWORTH, Petitioner, | Civil Action No. 7:09-cv-00373 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, DEPARTMENT OF CORRECTIONS, et al., Respondents. | By: Hon. Jackson L. Kiser Senior United States District Judge |

David James Cudworth, a Virginian on probation proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges his counsel provided ineffective assistance and the state court violated due process. The respondents filed a motion to dismiss and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss because petitioner is not entitled to relief.

I.

Petitioner is being held in the custody of the respondents based on a finding that the petitioner violated the conditions of three previously suspended sentences. The Circuit Court for the City of Salem found that petitioner was convicted of driving under the influence and violated the circuit court's "no contact" orders between petitioner and people related to his state-court case. On July 26, 2007, the circuit court revoked the 5 years and 24 months suspended sentences but re-suspended 4 years. The Court of Appeals of Virginia denied petitioner's subsequent appeals. See Cudworth v. Commonwealth, No. 2078-07-3, slip op. at 2 (Va. Ct. App. May 28, 2008); Cudworth v. Commonwealth, No. 2630-07-3, slip op. at 2 (Va. Ct. App. Apr. 9, 2008). Petitioner did not appeal to the Supreme Court of Virginia.

Petitioner filed a petition for a writ of habeas corpus with the Circuit Court for the City of

Salem in August 2008. Petitioner raised approximately sixteen claims,[1] all of which the circuit court dismissed in February 2009. Petitioner appealed to the Supreme Court of Virginia and presented only five claims, which he did not present to the circuit court:

1. The circuit judge's refusals to recuse himself after petitioner filed two recusal motions were unreasonable due to his rulings being called into question.
2. The circuit court erred by acting as the respondent's advocate by omitting arguments for the respondent and withholding the dismissal order for several months.
3. The circuit court erred by applying Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680, 682 (1974), to dismiss eight habeas claims.
4. The circuit court erred by not applying the "cause and prejudice" rule to the state habeas petition.
5. The circuit court's denial of the state habeas petition was arbitrary and capricious because it was clear that counsel was ineffective.

The Supreme Court of Virginia refused the petition for appeal, stating "the Court is of opinion there is no reversible error in the judgment complained of." Cudworth v. Dir., Dept. of Corr., No. 090493, slip op. at 1 (Va. Aug. 4, 2009).

Petitioner filed the instant federal habeas petition in September 2009. Petitioner presents the following claims:

1. Denial of fair appeal where the appeal was dismissed because the issues raised on appeal were not raised in the circuit court.
2. Counsel provided ineffective assistance by not presenting the issues to the circuit court that were raised on appeal.
3. Counsel provided ineffective assistance when counsel failed to object to amendments to the violation report.
4. Petitioner's right to due process was violated as the petitioner was not permitted to "deny" or "admit" the allegations against him.
5. Counsel provided ineffective assistance when counsel did not consult with petitioner on how to plead to the amended violation report.
6. Petitioner's right to due process was violated when the circuit court extended the period of probation without notice.
7. The petitioner was subject to cruel and unusual punishment that was unreasonable in

---

[1]These sixteen claims are the same as the first sixteen claims petitioner raises in the instant federal habeas petition.

2

relation to the gravity of the offense.
8. The circuit court unconstitutionally made its ruling on evidence not presented at any of the three revocation hearings.
9. The circuit court unconstitutionally re-suspended the original sentence for a 10 year period, in excess of the statutory maximum and beyond the three year period set in the plea agreement.
10. The circuit court misapplied Virginia Code § 19.2-319 when it refused to suspend the execution of the sentence pending an appeal.
11. The circuit court misapplied Virginia Code § 19.2-319 when it refused to set bond pending an appeal.
12. The circuit court violated due process and abused its discretion by finding that the petitioner was a danger to the victims and refusing to set bond pending appeal.
13. Counsel provided ineffective assistance by failing to preserve issues for appeal of the petitioner's denial of a bond pending appeal.
14. Violation of double jeopardy clause of the United States Constitution as the circuit court considered evidence from the original trials to convict the petitioner and increase his punishment.
15. Counsel provided ineffective assistance by failing to subpoena Mr. Flynn as a witness for impeachment purposes.
16. The petitioner's right to due process was violated because the circuit court limited the petitioner's time to be heard.
17. The circuit judge's refusal to recuse himself after two motions were filed requesting such were unreasonable due to his rulings being called into question.
18. The circuit court erred by acting as advocate to the respondent by omitting arguments for the respondent and withholding the final order for several months.
19. The circuit court erred by applying Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680, 682 (1974) to grounds 1, 3, 8, 10, 11, 12, 14, and16.
20. The circuit court erred by not applying the "cause and prejudice" rule to the original petition.
21. The circuit court's denial of the petition for a writ of habeas corpus was arbitrary and capricious as it was clear that counsel was ineffective.

(Pet. 6-22.)

## II.

### A.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for unexhausted claims that were not presented to the

highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Petitioner raised only five claims to the Supreme Court of Virginia following his appeal of the circuit court's dismissal of his sixteen state habeas claims.[2] However, petitioner did not present his original sixteen habeas claims to the Supreme Court of Virginia and did not present these five claims to the circuit court. Therefore, petitioner brings mixed claims that have and have not been presented to either the circuit court or the Supreme Court of Virginia. Petitioner requests a stay of this action so he may present these omitted 16 claims to the Supreme Court of Virginia.

An exhausted claim is one that is fairly presented to the state's highest court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Because petitioner failed to present his 16 omitted claims to the Supreme Court of Virginia, he may not now raise them on federal habeas review. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). These 16 omitted claims are treated as exhausted because they would be procedurally barred under state law if the petitioner attempted to return to state court to raise them. Id. Thus, petitioner's instant federal petition presents a mix of exhausted and "technically" exhausted claims, not exhausted and unexhausted claims to constitute a mixed petition warranting a stay. See Rhines v. Weber, 544 U.S. 269, 273 (2005) (describing a mixed petition as a petition containing both exhausted and unexhausted claims and recognizing a district court has discretion to stay). Therefore, a stay is not appropriate for this case because these omitted claims are

---

[2]These five claims presented to the Supreme Court of Virginia are the same as claims 17 through 21 in the instant federal habeas petition.

simultaneously exhausted and defaulted for federal habeas review, and petitioner does not establish good cause to excuse his failure to exhaust. See id. at 271-72; infra, II.C. Accordingly, I consider claims 1 through 16 defaulted because petitioner failed to present these claims to the Supreme Court of Virginia.

B.

A federal claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The circuit court reviewed petitioner state habeas petition and relied on Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) to hold that claims 1, 3, 7, 10, 11, 12, 14 and 16 could have been raised at trial and on appeal. Slayton holds that a "prisoner is not entitled to use [state] habeas corpus to circumvent the [state's] trial and appellate processes for an inquiry into an alleged nonjurisdictional defect of a judgment of conviction." Id. at 30, 205 S.E.2d at

682. The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the circuit court dismissed these claims pursuant to an independent and adequate state procedural rule. Accordingly, petitioner procedurally defaulted claims 1, 3, 7, 10, 11, 12, 14 and 16 based upon an adequate and independent state rule.

C.

When a claim is procedurally defaulted, the court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner procedurally defaulted claims 1 through 16. Petitioner argues that the Supreme Court of Virginia is at fault for his procedural default. Petitioner alleges that he told the justices in his petition for appeal that he did "not abandon any previous arguments within the body of the original petition, nor in his opposition to the Motion to Dismiss" when he appealed the habeas dismissal. Petitioner also argues that the Supreme Court of Virginia should have reviewed the entire record because of his ineffective assistance of counsel allegations. However, Virginia courts "will not search the record for errors in order to interpret the appellant's contention and

correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor will Virginia courts "comb through the record . . . in order to ferret-out . . . the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc). See Jay v. Commonwealth, 275 Va. 510, 519-20, 659 S.E.2d 311, 316-17 (2008) (citing Atkins v. Commonwealth, 272 Va. 144, 149, 631 S.E.2d 93, 95 (2006) (failure to brief an assignment of error constitutes a waiver of the issue); Muhammad v. Commonwealth, 269 Va. 451, 477, 619 S.E.2d 16, 30 (2005) (same); Elliott v. Commonwealth, 267 Va. 396, 422, 593 S.E.2d 270, 286 (2004) (same); Burns v. Commonwealth, 261 Va. 307, 318, 541 S.E.2d 872, 880 (2001) (same); Kasi v. Commonwealth, 256 Va. 407, 413, 508 S.E.2d 57, 60 (1998) (same); Jenkins v. Commonwealth, 244 Va. 445, 451, 423 S.E.2d 360, 364 (1992) (same); Quesinberry v. Commonwealth, 241 Va. 364, 370, 402 S.E.2d 218, 222 (1991) (same)). Therefore, I can not excuse his procedural default of claims 1 to 16 because petitioner fails to establish cause and prejudice or a fundamental miscarriage of justice. Accordingly, I may not review these procedurally defaulted claims.

D.

A habeas petitioner may obtain relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a habeas petitioner does not have a federal constitutional right to post-conviction proceedings in state court. See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (noting that "each State has created mechanisms for both direct appeal and state post-conviction review, even though there is no constitutional mandate that they do so" (internal citations omitted)); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Thus, a

petitioner is not entitled to federal habeas relief from errors in state post-conviction proceedings. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review).

Petitioner's remaining claims, 17 to 21,[3] allege defects in how the circuit court adjudicated his habeas petition and do not attack either the legality of his custody or the state court's criminal judgment. Claim 21 is the only claim that, liberally construed, may not challenge an error in state habeas proceedings and may challenge his conviction. Even after liberally construing this claim as alleging ineffective assistance that occurred during the criminal phase, this claim of ineffective assistance alleges that "[c]ounsel failed in all aspects of the Petitioner's defense as outlined in the original petition and Opposition to [the] Motion to Dismiss." (Pet. 22.) These claims of ineffective assistance of counsel "outlined in the original petition," however, are claims 1 through 17 in the instant federal habeas petition, which are the same claims petitioner procedurally defaulted. Thus, I may not review his procedurally defaulted ineffective assistance of counsel claims outlined in the original petition because petitioner failed to excuse his procedural default. Accordingly, petitioner is not entitled to federal habeas relief because he attacks the state-court's collateral proceedings while procedurally defaulting his other claims.

---

[3]Petitioner presented claims 17 to 21 to the Supreme Court of Virginia. These claims allege that: (17) the circuit court judge's refusal to recuse himself after two motions were filed requesting such were unreasonable; (18) the circuit court erred by acting as an advocate for the respondent by omitting arguments for the respondent and withholding the final order for several months; (19) the circuit court erred by applying Slayton v. Parrigan to eight claims from the original petition; (20) the circuit court erred by not applying the "cause and prejudice" rule to the original petition; and (21) the circuit court's denial of the habeas petition was arbitrary and capricious as it was clear that counsel was ineffective.

III.

For the foregoing reasons, I deny petitioner's motion to stay, grant respondent's motion to dismiss, and dismiss the petition.[4] Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This 15th day of March, 2010.

Senior United States District Judge

---

[4] Therefore, petitioner's motion for an injunction is denied as moot. Alternatively, petitioner's request for injunctive or mandamus relief is denied as improperly raised in a habeas action. Petitioner's requested relief in his motion for an injunction is that I compel the Juvenile and Domestic Court of Roanoke County to vacate its no-contact provision regarding petitioner and members of his family. However, petitioner's requested relief in his habeas petition is a release, a new trial, or an appeal of his conviction based on ineffective assistance of counsel, due process violations, insufficient evidence, and cruel and unusual punishment.

The "traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 486 n.7 (1973). The relief requested in the habeas petition thus differs from the mandamus or injunctive relief sought in his motion for an injunction, and this injunction request is not properly pursued in this action. Moreover, I do not have jurisdiction to grant mandamus relief against state officials or state agencies. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).